UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LADASHIA HODGES, <br><br> Plaintiff, <br><br> v. <br><br> VICTOR AGULAIR, et al., <br><br> Defendants. | Case No. 3:21-CV-217 JD |

## OPINION AND ORDER

Plaintiff Ladashia Hodges, proceeding *pro se*, brought this lawsuit alleging the LaPorte Police Department and its officers violated her constitutional rights during a criminal investigation by interrogating her and seizing and searching her car and cell phone without a warrant. The Defendants moved the Court to dismiss Ms. Hodges's claims soon after she filed and additionally asked the Court to take judicial notice of public documents related to two ongoing state criminal proceedings that are intertwined with Ms. Hodges's claims. Ms. Hodges never responded to the Defendants' motions and has not appeared in this case since filing her complaint. For the following reasons, the Court grants the Defendants' motion to take judicial notice and grants in part the Defendants' motion to dismiss.

**I.      Factual Background**

Before recounting the applicable facts in this case, the Court first addresses the motion requesting judicial notice of certain materials that Defendants the LaPorte Police Department ("LPPD"), Detective Sergeant Victor Aguilar,[1] and Officer Charles Davis filed

---

[1] Ms. Hodges filed her complaint improperly listing his name as Detective Victor "Agulair."

contemporaneously with their motion to dismiss alleging the documents provide important factual background. (DE 12.) A "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201. Courts can generally take judicial notice of matters of public record, orders, other items appearing in the record of a separate case, and exhibits attached to the instant complaint. *See Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997) (citing 5A Wright & Miller § 1357 at 299)); *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996); *see also Pugh v. Trib. Co.*, 521 F.3d 686, 691 n.2 (7th Cir. 2008). But it is not appropriate for a court to take notice of factual allegations contained in public documents, like police reports, that cannot reasonably be found to be indisputably accurate. *See Fier v. Town of N. Judson, Indiana*, 2019 WL 1098980, at *2–3 (N.D. Ind. Mar. 8, 2019) (citing *Michon v. Ugarte*, 2017 WL 622236, at *3 (N.D. Ill. Feb. 15, 2017)).

The Defendants' motion contained eleven exhibits that the Defendants wanted the Court to consider when deciding the motion to dismiss. Each exhibit is a public document, and most of the exhibits are filings taken from two Indiana court proceedings that are related to the instant lawsuit. The first proceeding is a prosecution against Ms. Hodges for false reporting and criminal mischief. (DE 12-2; Case No. 46D03-2102-CM-262). The second proceeding is a prosecution against an individual named Kenwood Toy that in part grew out of the investigation Ms. Hodges is challenging as unconstitutional in this lawsuit. (DE 12-7; Case No. 46C01-2103-F1-354). The Defendants made clear in their motion that they did not rely on any disputed facts contained in the exhibits in bringing their motion to dismiss and instead provided the exhibits to illustrate the

scope of the investigations related to this case and the existence of the state proceedings. (DE 12 at 2.)

The Court finds that judicial notice of the documents is proper given there cannot be any reasonable dispute as to the existence of the documents or that the documents are tied to the related state court proceedings. While the Court takes notice of the documents, it does not rely on any factual allegations contained in police reports or other narrative accounts within the documents because the Court cannot find those facts to be indisputably accurate at this time. *See Fier*, 2019 WL 1098980 at *2–3. The Court instead simply takes notice of the documents to the extent that they show there were investigations conducted as Ms. Hodges has alleged and that two separate state criminal proceedings grew out of those investigations. *See* Fed. R. Civ. P. 201; *General Electric*, 128 F.3d at 1080–81. Having found it proper to take notice of the Defendants' submitted documents, the Court moves to the relevant facts of the case.

The events underlying this lawsuit began when Ms. Hodges contacted the LPPD in late January 2021 claiming that an individual named Jason Dickson had injured her during a physical altercation. (DE 1 ¶ 5.) The LPPD wrote up a report in response to Ms. Hodges's statements that day. (DE 12-1.) The following day, Ms. Hodges got back in touch with the LPPD to say that she had changed her mind and no longer would stand by her prior statements that Mr. Dickson had injured her. (DE 1 ¶ 5.) According to Ms. Hodges, she recanted at Mr. Dickson's request and in exchange for a promise from him to continue their relationship and seek help with anger management. (*Id.*) Ms. Hodges's decision to recant led to her being charged with false informing and criminal mischief at the end of January. (DE 12-2.) Police sought and obtained an arrest warrant for her in conjunction with the charges and Ms. Hodges is currently involved in one of

the previously described criminal proceedings based on those charges. (DE 12-3; DE 12-4; DE 12-5.)

The second incident impacting Ms. Hodges and her claims in this lawsuit happened on March 19, 2021. On that date, police began investigating Kenwood Toy for allegedly shooting Mr. Dickson outside of Ms. Hodges's apartment complex. (DE 12-6.) The police obtained warrants to seize and search Ms. Hodges's car and cell phone as part of their investigation. (DE 12-9; DE 12-10; DE 12-11.) The warrants were based on witnesses having said that an individual matching Ms. Hodges's description was seen with Mr. Toy at the time of the shooting and that Mr. Toy drove away from the scene in a car matching the description of the white Hyundai Accent that Ms. Hodges owned. (*Id.*; DE 1-1 at 1.)

The day after the shooting, Defendant Victor Aguilar contacted Ms. Hodges's mother to tell her that the LPPD was going to be towing Ms. Hodges's car. (DE 1 ¶ 1.) Ms. Hodges's mother told Detective Aguilar that he could not tow the car without a warrant, and Detective Aguilar allegedly responded that he did not need a warrant. (*Id.*) The LPPD followed through with the towing that day. (*Id.* ¶¶ 1–2.) After waiting four days, Ms. Hodges contacted Detective Aguilar to ask when she could reclaim her car. Detective Aguilar told her that she could pick the car up from a local auto shop that day. (*Id.* ¶ 2.) Ms. Hodges went to the auto shop a few hours after the phone call, paid for her car to be released, and was promptly arrested by several LPPD officers who had been waiting at the auto shop to execute the arrest warrant they had received in relation to Ms. Hodges's false reporting and criminal mischief charges back in February. (DE 1 ¶¶ 2–3, 6; DE 12-2.) Ms. Hodges alleges that the officers seized her cell phone from her sister's car during the arrest. (DE 1 ¶ 3.) Officer Davis, the third defendant in this case, was the arresting officer. (*Id.* ¶ 4.)

4

Ms. Hodges was released from custody soon after her arrest and proceeded to file this lawsuit. She claims that the Defendants violated her constitutional rights by towing and searching her car without a warrant, seizing and searching her cell phone without a warrant, arresting her and patting her down without telling her why she was being detained, and repeatedly questioning her without first giving her *Miranda* warnings and without stopping when she asked to speak to a lawyer. (*Id.* ¶¶ 1–6.) Ms. Hodges sought monetary relief for the alleged violations as well as injunctive relief in the form of the Court suppressing "any evidence police try to use out of [her] phone for any crime against [her] and [her] contacts." (*Id.* at 3.)

## II.    Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of claims where a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). On a motion to dismiss pursuant to Rule 12(b)(1), all well-pleaded factual allegations are treated as true, and all reasonable inferences are drawn in the plaintiff's favor. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The plaintiff has the burden of establishing proper subject matter jurisdiction to continue with her claim. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010). In addition to the pleadings, the court may look to submitted evidence to determine whether it has jurisdiction to adjudicate the claim. *Long*, 182 F.3d at 554. Dismissal because of a court's abstention from deciding certain issues does not clearly fall into the category of standard Rule 12(b)(1) dismissals, but such a dismissal is frequently treated under the Rule 12(b)(1) standard. *See, e.g.*, *Byerline v. Love*, 2019 WL 2103440, at * 2 (N.D. Ind. May 13, 2019).

### III. Discussion

The Defendants have provided the Court with a host of arguments as to why Ms. Hodges's claims should be dismissed. As already noted, Ms. Hodges never responded to any of the arguments the Defendants put forward. The Court therefore considers the Defendants' arguments within their motion to dismiss unopposed and will resolve the motion accordingly. *See Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053–54 (7th Cir. 2019); *Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005). Ms. Hodges also failed to clearly delineate each claim she was making in her complaint. Both the Defendants and the Court, however, read the complaint to be asserting potential claims for violations of her Fourth, Fifth, and Fourteenth Amendment rights, with those violations being actionable under 42 U.S.C. § 1983. (DE 1 at 3); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining *pro se* pleadings are to be liberally

6

construed and held to less stringent standards). With that understanding, the Court considers the Defendants' arguments for dismissal.

The Defendants first argued that the LPPD should be dismissed from the case as a non-suable entity under Indiana law. Indiana statue and caselaw is clear on this point. Indiana only permits certain municipal entities to be subjected to suit, *see* Ind. Code §§ 36-1-2-23; 36-1-4-3, and a local police department is not one of them, *see Jones v. Town of Highland, Ind.*, 2014 WL 4376543, at *2 (N.D. Ind. Sept. 3, 2014); *Nevinger v. Town of Goodland, Ind.*, 2011 WL 2694662, at *2 (N.D. July 12, 2011) ("it is well-settled that a municipal police department has no separate corporate existence and 'is merely a vehicle through which the [city] government fulfills its policy functions . . . a city's police department is not a suable entity apart from the municipality"). The Court therefore agrees that the LPPD must be dismissed from the lawsuit as a non-suable entity, which leaves only Detective Aguilar and Officer Davis as defendants.

The first step to resolving Ms. Hodges's claims against Detective Aguilar and Officer Davis is to determine whether Ms. Hodges intended to sue them in their official or individual capacities. Because she did not specify in her complaint, the Court must review the contents of her complaint along with any briefing to determine what Ms. Hodges may have intended. *See Stevens v. Umsted*, 131 F.3d 697, 706–07 (7th Cir. 1997); *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991)). The majority of Ms. Hodges's complaint suggests that she intended to sue the two defendants in their individual capacities. Particularly convincing is her choice to cite to individual decision-making instead of an official policy or procedure when supporting her claims and her choice to seek monetary damages for the alleged constitutional violations. *See Hill*, 924 F.2d at 1373–74. She did, however, also request injunctive relief, which could indicate an intent to bring an official capacity suit. *See Stevens*, 131 F.3d at 706–07. The Defendants' motion to

dismiss provided arguments about why Ms. Hodges's claims fall short under either alternative. (DE 11 at 9–12, 35–41.) Given the uncertainty, and out of an abundance of caution, the Court analyzes Ms. Hodges's complaint as if she intended to proceed against the defendants in both capacities.

To the extent Ms. Hodges's claims were meant to be brought against Detective Aguilar and Officer Davis in their official capacities, her claims fail and must be dismissed. A claim against a public employee in his official capacity is really just another way of suing the government. *Conner v. Reinhard*, 847 F.2d 384, 394 (7th Cir. 1988). It is not clear from Ms. Hodges's complaint which government entity an official capacity claim against either Detective Aguilar or Officer Davis would implicate. If it is the LPPD, the claim would be superfluous because Ms. Hodges already named the LPPD as a defendant in the case and, as already explained, the LPPD is not a suable entity under Indiana law. *See Davis v. City of Greenwood, Indiana*, 2000 WL 33309745, at *3 (S.D. Ind. Nov. 14, 2000). If it is instead the City of LaPorte, the claim also fails because Ms. Hodges failed to take the required step of alleging that the harm was tied to an official policy or custom in any way. *See Est. of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514–15 (7th Cir. 2007) ("Unless there is an unconstitutional policy, there cannot be official-capacity liability; only individual-capacity liability is possible."). The Court thus finds that the claims must be dismissed to the extent they were asserted against Detective Aguilar and Officer Davis in their official capacities.

To the extent Ms. Hodges intended to bring her claims against Detective Aguilar and Officer Davis in their individual capacities, the Court is kept from fully assessing the merits of the claims at this time because of the two ongoing criminal proceedings in state court. A federal court must abstain from deciding a case, under the principles expressed in *Younger v. Harris*, if

resolution of the claims before it would involve the court taking jurisdiction over federal constitutional issues that could interfere with a state court's ability to independently make decisions in an ongoing criminal proceeding. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37, 91 (1971)); *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Abstention based on *Younger* principles, while an exceptional step, is appropriate when: 1) the state proceedings are judicial in nature and ongoing; 2) the proceedings implicate important state interests; and 3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Am Fed'n of State, Cty. & Mun. Emps. v. Tristano*, 898 F.2d 1302, 1305 (7th Cir. 1990). Even if those elements are met, however, abstention is not appropriate if the state court proceedings were brought in bad faith or to harass the plaintiff or if abstention would result in irreparable injury to the plaintiff. *Brunken v. Lance*, 807 F.2d 1325, 1331 (7th Cir. 1986).

Abstention under the *Younger* doctrine is appropriate in this case because of the pending state criminal actions and because of Ms. Hodges's requests that the Court both decide constitutional issues related to the investigation of those cases and preclude use of evidence in those state cases. (DE 1 at 3); *see Gakuba*, 711 F.3d at 753; *SKS & Associates*, 619 F.3d at 677. Both state criminal actions are judicial in nature and ongoing. (DE 12-2; DE 12-7.) Both actions implicate important state interests, namely holding individuals responsible for the crimes with which they have been charged. And both actions will give Ms. Hodges an adequate opportunity, through suppression motions or other evidentiary objections, to raise the constitutional issues she has raised with the Court in this lawsuit. (DE 1 ¶¶ 1–6.) Further, there are no allegations of bad faith or harassment or any allegation of irreparable injury that would make abstention

9

inappropriate. The Court therefore finds abstention is the proper result here. *See Gakuba*, 711 F.3d at 753.

While the Defendants asked the Court to dismiss all of Ms. Hodges's claims if it chose to abstain (DE 11 at 48–49), the Court finds a partial dismissal with a subsequent stay of any remaining claims to be the proper resolution. Outright dismissal based on *Younger* abstention is only appropriate when the plaintiff is able to obtain the relief she is seeking in federal court from the state court conducting the ongoing proceedings instead. *See Gakuba*, 711 F.3d at 753. Ms. Hodges can obtain her requested injunctive relief through the state proceedings by having any unconstitutionally obtained evidence barred, but she cannot obtain the monetary relief she has also requested from this court. (DE 1 at 3); *see Gakuba*, 711 F.3d at 753 (explaining the proper course is to stay any claims requesting monetary relief that cannot be obtained through the state proceedings). Thus, the Court will dismiss Ms. Hodges's claims for injunctive relief but will stay Ms. Hodges's claims for monetary relief.

The Court makes one further note before closing the order in an effort to streamline any future proceedings. While both Detective Aguilar and Officer Davis will remain defendants in their individual capacities following this order, the Court finds that they cannot each be individually liable for all of the wrongs Ms. Hodges has alleged. To state a claim against a defendant in their individual capacity under § 1983, the plaintiff must allege that the defendant had personal involvement in the constitutional deprivation. *See Taylor v. Ways*, 999 F.3d 478, 494 n.7 (7th Cir. 2021). Ms. Hodges has only alleged that Officer Davis was personally involved in the pat-down that occurred at the time of her arrest and the unlawful seizure of her cell phone. (DE 1 ¶¶ 3–4.) Officer Davis is thus only potentially liable for harms stemming from those activities. And Ms. Hodges has only alleged that Detective Aguilar was personally involved in

her interrogation, the warrantless search of her cell phone, and the warrantless search and seizure of her vehicle. (*Id.* ¶¶ 1–3.) Detective Aguilar is thus only potentially liable for harms stemming from those activities. Any future resolution of this case will only have to address whether Detective Aguilar and Officer Davis can be held liable for those specific activities in their individual capacities.

### IV.     Conclusion

For the foregoing reasons, the Court GRANTS the Defendants' motion requesting the court to take judicial notice (DE 12) and GRANTS IN PART the Defendants' motion to dismiss (DE 10). Defendant LaPorte Police Department is dismissed from this lawsuit given its status as a non-suable entity, and any claim for injunctive relief Ms. Hodges has brought is likewise dismissed. The lawsuit will continue against Defendants Detective Sergeant Victor Aguilar and Officer Charles Davis solely in their individual capacities, solely to the extent that the two defendants were personally involved in any allegedly unconstitutional conduct, and solely for the purpose of Ms. Hodges potentially receiving monetary relief for any harm. The Court further STAYS any action on those remaining claims pending resolution of the two ongoing state criminal actions.

SO ORDERED.

ENTERED: March 11, 2022

>              /s/ JON E. DEGUILIO
> Chief Judge
> United States District Court